1
2
3

**UNITED STATES DISTRICT COURT**

4

**EASTERN DISTRICT OF CALIFORNIA**

5
6
7

**HEATHER POPEJOY, on behalf of herself and other similarly situated,**

**CASE NO. 1:19-CV-1777 AWI BAM**

8

**Plaintiff**

9

**v.**

**ORDER REGARDING STIPULATION FOR DISMISSAL, ORDER CLOSING CASE AS MOOT, and ORDER VACATING HEARING AND DENYING MOTION TO DISMISS AS MOOT**

10

**CIRCLE K STORES, INC., a Delaware Corporation, and DOES 1 to 10 inclusive,**

11

**Defendant**

**(Doc. Nos. 18, 21)**

12
13
14

    This putative class action involving violations of the California Labor Code and California

15

Business & Professions Code was removed by Defendant on December 20, 2019.  On April 13,

16

2020, Defendant filed a motion to dismiss.  <u>See</u> Doc. No. 18.  Hearing on the motion to dismiss is

17

set for May 11, 2020.

18

    On May 1, 2020, the parties filed a stipulation to dismiss this case.  <u>See</u> Doc. No. 21.  The

19

stipulation is signed by counsel for both parties and is purportedly made pursuant to Fed. R. Civ.

20

P. 41(a)(1).  <u>See id.</u>  In relevant part, the stipulation states that the "Parties hereby stipulate and

21

agree that the matter between them has been resolved, and [pursuant to Rule 41(a)(1)], the Parties

22

stipulate and agree that this action should be immediately dismissed with prejudice as to Plaintiff's

23

individual claims only, and dismissed without prejudice as to the claims of the putative class

24

members . . . ."  <u>Id.</u>

25

    Dismissals under Rule 41(a)(1), when properly filed, are effective immediately and do not

26

require a court order/court approval.  <u>See</u> Fed. R. Civ. P. 41(a)(1); <u>Yesh Music v. Lakewood</u>

27

<u>Church</u>, 727 F.3d 356, 362 (5th Cir. 2013); <u>Commercial Space Mgmt. Co. v. Boeing Co.</u>, 193 F.3d

28

1074, 1077 (9th Cir. 1999).  Because the stipulation has been properly presented by the parties,

Popejoy's individual claims have terminated automatically with prejudice.  See id.  The Court will order the Clerk to recognize the automatic dismissal.

With respect to the attempt to dismiss the class claims without prejudice, typically dismissal of class claims requires the parties to follow Rule 23(e) and provide the Court with various information.  See Fed. R. Civ. P. 23(e); Diaz v. Trust Territory of Pac. Islands, 876 F.2d 1401, 1408 (9th Cir. 1989); Choo v. Wellnx Life Scis., Inc., 2019 U.S. Dist. LEXIS 181959, *2 (E.D. Cal. Oct. 18, 2019).  The parties did not follow Rule 23(e), so the purported Rule 41 dismissal of the class action claims are ineffective.

Nevertheless, the Court reads the "resolved" language of the stipulation, in combination with the dismissal with prejudice, as indicating that the parties have fully settled all the individual harms suffered by Popejoy that are reflected in the Complaint.  The Ninth Circuit has held that a "suit brought as a class action must as a general rule be dismissed for mootness when the personal claims of all named plaintiffs are satisfied and no class has been properly certified." Employers-Teamsters Local Nos. 175 & 505 Pension Trust Fund v. Anchor Capital Advisors, 498 F.3d 920, 924 (9th Cir. 2007); see also Kuahulu v. Employers Ins. of Wausau, 557 F.2d 1334, 1336-37 (9th Cir. 1977).  In light of the Court's reading of the dismissal, this case fits within the general rule recognized in *Employers Teamsters*.  That is, because Popejoy's personal claims have been resolved and no class has been certified, this case is now moot.  See Employers-Teamsters, 498 F.3d at 924.[1]  Therefore, the Court will dismiss the purported class claims as moot, deny the motion to dismiss as moot, vacate the May 11, 2020 hearing date, and order the Clerk to close this case.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1.    The clerk shall terminate Plaintiff Heather Popejoy in light of the parties' properly filed Rule 41(a)(1) dismissal with prejudice;

---

[1] If the Court has misunderstood the stipulation such that *Employers-Teamsters* does not apply to this case, then the parties shall file a motion for reconsideration and be prepared to file additional information needed for purposes of Rule 23(e).

2.     This case is DISMISSED as moot;

3.     The May 11, 2020 hearing date is VACATED;

4.     Defendant's motion to dismiss (Doc. No. 18) is DENIED as moot; and

5.     The Clerk shall CLOSE this case.

IT IS SO ORDERED.

Dated: __May 5, 2020__                           _____

                                        SENIOR  DISTRICT  JUDGE